HENRY L. PARSONS *v.* WILLIAM C. DISBROW.

Where the debtor and creditor met, and the debtor stated the items of an account between them, which the creditor immediately took down in writing; evidence thereof, to charge the debtor with his admissions so made, may be given by a witness present, without producing the memorandum made by the creditor, the same not having been shown to the debtor at the time.

The witness should not state his own conclusion, derived from the statements made between the parties, as to the amount of the indebtedness admitted; but should give the statements and admissions themselves, from which the result may be determined.

Where evidence has been objected to on specific grounds, which are not sufficient to warrant its exclusion, the party cannot, upon appeal, avail himself of an additional objection, not taken at the trial.

THIS action was brought by the plaintiff, as the assignee of a claim upon an account between one Glover and the defendant. The cause was referred for trial, and the referee reported in favor of the plaintiff, for $833 50. The defendant applied for a new trial, upon exceptions to the ruling of the referee in admitting testimony. The points raised on the argument are sufficiently stated in the opinion.

*Robert H. Shannon* and *John C. Dimmick,* for the defendant.

*E. R. Carpentier,* for the plaintiff.

BY THE COURT. INGRAHAM, FIRST J.—In making out the plaintiff's case, he relied upon an admission of indebtedness made by the defendant in conversations with Dr. Glover, previous to the commencement of the action. These conversations related to the indebtedness of the defendant to Dr. Glover,

who had assigned his claim to the plaintiff. In these conversations, the defendant made a verbal statement of the items of his account, which were taken down by the witness, Glover, in pencil. After stating these facts, the witness was asked, what was the amount of indebtedness as shown by the verbal account?

To this question the defendant objected on two grounds : 1. Because it assumed that the account was verbal. 2. That the account made by Glover should be produced. The objections were overruled by the referee.

Neither of these objections was valid. It is sufficient as to the first, to say, that the witness had just stated that the account was not in writing. It could only, therefore, be verbal, and nothing was assumed on that subject beyond what the witness had stated.

As to the second objection, it is a sufficient answer to say, that there was no account made between the parties which could be given in evidence. The memorandum made by Dr. Glover, was not shown to the defendant after it was made. It was nothing but a memorandum made by a witness, by which he could, if he found it necessary, refresh his recollection, and which the witness might be called upon, on cross examination, to produce to test his accuracy. Upon both points I think the referee ruled correctly. It must be remembered, that at this time there was no evidence in the cause on this subject, and the single question is, whether the referee could have excluded the proof of this conversation, because one of the parties made a memorandum of it.

The question was, however, objectionable on another ground, which, if it had been made at the time, would have called for the exclusion of it. It asked the result formed in the witness' mind from hearing items of an account stated by the defendant. This was improper. The witnesses should have been asked to detail the items of the account as stated by the defendant, and the referee was the proper person to ascertain the balance. If the defendant had said, I have received $400, and have paid the plaintiff $200, it would have been proper for the

witness to state both admissions, leaving to the referee to decide that $200 remained unpaid, and it would not be proper to ask the witness what was the balance due from the defendant after deducting the payments made by him from the sum he admitted due.

I do not think, however, the defendant can now avail himself of this ground of objection. The case states the objections he made to the question, neither of which was tenable, and where particular grounds are stated the party cannot, on the argument, object to evidence for other reasons which could at the time be obviated. Had the form of the question been objected to on the trial, it could have been varied, and the objection renewed.

The whole evidence on this point, too, was not very material, because the same witness, in stating another conversation, said, that the defendant stated he could not have paid the money, but was willing to have had judgment against him for the same amount, $759. The same evidence appears in other parts of the testimony.

The admission of evidence after the plaintiff rested, although cumulative, was within the discretion of the referee, and with his decision on that point we would not interfere on appeal.

My conclusion is, that the motion to set aside the report should be denied.

Ordered accordingly.